UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
TOMASA MONTANEZ,                                                  :
                                                                 :
                                    Plaintiff,                    :
                                                                 :          04 Civ. 6689 (GEL)
          -against-                                               :
                                                                 :        **OPINION AND ORDER**
MICHAEL J. ASTRUE,                                               :
Commissioner of Social Security,                                 :
                                                                 :
                                    Defendant.                    :
                                                                 :
-----------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

          Plaintiff challenges a denial of social security disability benefits.  It is apparently

undisputed that plaintiff has been disabled since August 15, 1995, and has been receiving

benefits as of that date.  As a result of a somewhat tangled procedural history, however, the

question before the Court concerns the Commissioner's determination, based on applications

submitted in 1983 and 1985, that plaintiff was not disabled in the now somewhat remote period

between October 1, 1989, and August 14, 1995.  The Commissioner's motion for judgment on

the pleadings will be granted and his decision affirmed.

          The Commissioner's original decision denying benefits for the period in question was

revisited in 2000 as a result of a class action settlement.  See Stieberger v. Sullivan, 792 F.Supp.

1376, modified, 801 F.Supp. 1079 (S.D.N.Y. 1992).  When, upon reexamination, the

Commissioner adhered to his decision, plaintiff sought a hearing before an Administrative Law

Judge ("ALJ").  The ALJ found plaintiff not disabled on May 15, 2001.  Her administrative

appeal was denied on May 15, 2004, and plaintiff sought review in this Court.

On November 4, 2004, the parties stipulated to a remand to the Commissioner for further proceedings.  The Appeals Council remanded the matter to the ALJ for a supplemental hearing, which was held on May 10, 2006.  On May 23, 2006, the ALJ entered a new decision again finding that plaintiff was not disabled during the relevant period.  After repeated prodding from chambers staff, the Commissioner finally filed the administrative record on February 13, 2007, along with his motion for judgment on the pleadings.  According to this Court's scheduling order, plaintiff's response was due on March 12, 2007.  Plaintiff has not responded to the Commissioner's motion, nor taken any steps in this Court since the remand stipulation in 2004.[1] Accordingly, the Court will consider the Government's motion fully submitted.

The Court must affirm the factual findings of the Commissioner if they are supported by substantial evidence in the administrative record.  42 U.S.C. § 405(g); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  However, as this Court has frequently had occasion to note,

> Despite this apparently deferential standard of review, administrative decisions regarding claimants' eligibility for disability benefits have proven surprisingly vulnerable to judicial reversal.  This vulnerability results primarily from Commissioner's creation  – and the courts' subsequent enforcement – of various procedural obligations to which ALJs must scrupulously adhere.  Failure to adhere to these obligations is treated as "legal error" permitting reversal of the ALJ's decision.

Molina v. Barnhart, No. 04 Civ. 3201, 2005 WL 2035959, at *6 (S.D.N.Y. Aug. 17, 2005), citing

---

[1] Plaintiff originally filed this action pro se, and has never been represented by an attorney in this Court.  She was represented by counsel at the ALJ hearing in 2006.  Because the plaintiff is pro se and is apparently mentally impaired, the Court requested the Assistant United States Attorney representing the Commissioner to contact the attorney who appeared at the hearing, as well as the plaintiff herself, to see whether a response was anticipated.  The AUSA has represented to the Court that she has been unable to reach the plaintiff or members of plaintiff's family who had previously been in touch with the Government, and that the attorney has not returned phone calls.

<u>Toribio v. Barnhart</u>, No. 02 Civ. 4929, 2003 WL 21415329, at *2 (S.D.N.Y. June 18, 2003). Thus, while the ALJ's thorough decision of May 15, 2001 (R. 15-28), finding plaintiff not disabled during the relevant time period, was amply supported by record evidence, the Commissioner agreed to a remand because of two potential procedural errors: first, the ALJ had failed to seek additional records from one of plaintiff's health-care providers after the initial evidentiary hearing, and second, the ALJ had disagreed with the findings of a medical expert without giving the expert an opportunity to review the evidence and respond to the bases of the ALJ's disagreement.  (<u>Id</u>. 223.)

On remand, the ALJ requested the records, noting that there had been some uncertainty in the record about whether there had been any treatment at that institution in the relevant time period.  (<u>Id</u>. 224.)  And, in fact, the provider responded to the subpoena that it had no records responsive to the subpoena.  (<u>Id</u>.)  The ALJ also recalled the expert, and asked for his further review of the record.  The expert concluded, on re-examination of the record, that he now agreed with the ALJ's conclusions.  (<u>Id</u>. 226.)  The ALJ also gave plaintiff an opportunity to submit additional testimony; however, when she testified that she could not remember any relevant information about the period in question, her attorney elected to rely on plaintiff's testimony from the prior hearing.  (<u>Id</u>.)  After considering all of this information, the ALJ once again carefully applied the relevant legal criteria to the now-expanded record, and adhered to his earlier decision that plaintiff was not disabled in the relevant period.  (<u>Id</u>. 228.)

In view of plaintiff's failure to take any action in this case after the ALJ's decision on remand, and her failure to respond to the Commissioner's motion, the Court would have been justified in finding that plaintiff has abandoned this action.  However, in view of the plaintiff's

pro se status and mental impairment, the Court has not done so, but rather has carefully reviewed the record in light of the arguments advanced by the Commissioner. On the basis of that review, this Court finds no reason to disturb the Commissioner's conclusion. The ALJ applied the correct legal standards, the procedural errors have been corrected, and his findings are supported by substantial evidence, now including the revised opinion of the one witness who had previously had a contrary view. Accordingly, the Commissioner's decision must be affirmed.

<strong>CONCLUSION</strong>

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is granted, and the decision of the Commissioner denying benefits is affirmed.

SO ORDERED.

Dated: New York, New York
     May 2, 2007

GERARD E. LYNCH
United States District Judge

4